IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA SANCHEZ<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO.  3:21-cv-00165 |
| ALDI TEXAS, LLC<br>*Defendant.* | §<br>§<br>§ | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

**COMES NOW** Defendant, ALDI (Texas) LLC and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division, of the action numbered and styled *Maria Sanchez v Aldi Texas LLC;* Cause No. DC-21-00178; In the 192nd District Court, Dallas County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## REMOVAL IS TIMELY

1.      Defendant was served with Plaintiff's Original Petition (the "Petition") on January 15, 2021. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under section 1446(b) of the United States Code. 28 U.S.C. § 1446(b).  Defendant seeks to remove the matter and is therefore the Removing Defendant.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties.  Plaintiff in this action is a citizen of a different

state from Defendant, and no defendant is a citizen of Texas. As a result, complete diversity exists.

3.     Plaintiff Maria Sanchez was a citizen of Dallas County, Texas at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

4.     Defendant ALDI (Texas) LLC, is a limited liability company formed under the laws of the State of Illinois, having its principal place of business now, and at the time this action was commenced, in the State of Illinois. The sole member of ALDI (Texas) LLC is ALDI, Inc.  ALDI, Inc. is a corporation formed under the laws of the State of Illinois, having its principal place of business now, and at the time this action was commenced, in the State of Illinois. Defendant ALDI (Texas) LLC's sole member is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other state and as such,  ALDI (Texas) LLC is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other state.

## III.
## AMOUNT IN CONTROVERSY

5.     In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta*

*Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount.  *See McPhail,* 529 F.3d at 955.

6.   Federal courts have held that cases of personal injury will subject a tortfeasor to possible exposure well beyond the federal jurisdictional minimum and that such exposure is facially apparent.  *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993).  Further, in determining whether a personal injury suit presents an amount in controversy within federal jurisdiction limits, a court may look to damage awards in similar cases. *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 n.8 (E.D. Tex. 1996) (citing *Carnahan v. Southern Pacific Railroad Transportation Co.*, 914 F. Supp. 1430, 1431 (E.D.Tex. 1995); *De Aguilar v. Boeing Co.*, 790 F. Supp. 693, 694 (E.D.Tex. 1992), *aff'd*, 11 F.3d 55 (5th Cir. 1993).  A court may review a petition regarding a plaintiff's alleged damages to determine the amount in controversy. *See Salinas v. Allstate Vehicle and Prop. & Ins. Co.*, CASE NO. 7:15-CV-434, 2016 WL 8650475 at *2 (S.D. Tex. Sept. 28, 2016) (holding the Plaintiff sought attorney's fees as well as punitive damages available under statute, which added together exceeded the $75,000.00 amount in controversy). Based on Plaintiff's claimed damages, it is clear that Defendant will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

7.   A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00.  Plaintiff's Original Petition alleges that Plaintiff was an invitee of Defendant's when she slipped and suffered injury. (Pl. Orig. Pet., ¶¶ 6-8).  The Petition states Plaintiff "suffered severe physical injuries" and as a result of her injury suffered damages (Pl. Orig. Pet, ¶ 11). The Petition further alleges Defendant's were negligent in failing keep the premises in reasonably safe condition, inspect the premises to discover

latent defects, and to make safe any defects or give an adequate warning of any dangers. (Pl. Orig. Pet. ¶¶ 9-10). Plaintiff claims the following damages suffered in the past and the future: physical pain and mental anguish, medical expenses, and physical impairment. (Pl. Orig. Pet. ¶ 11). In addition to her alleged damages, Plaintiff makes a claim for actual damages, pre- and post-judgment interest, costs of suit, and makes a claim for monetary relief of "over $250,000.00 but not more than $1,000,000.00." (Pl. Orig. Pet. ¶ 12).

8.  Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to bring suit under a Level 2 Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.3 (Pl. Orig. Pet., ¶ 1). Plaintiff has not affirmatively pled damages of $75,000.00 or less in this action.

9.  Defendant asserts that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in excess of $75,000.00. (Pls. Orig. Pet., ¶ 12). Defendant asserts that the amount in controversy in this case is in excess of $750,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

10.  Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse in citizenship.

11.  By virtue of filing this Notice of Removal, the Removing Defendant does not waive its right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

12. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include certified copies of the Court's Docket Sheet, Plaintiff's Original Petition, and copies of all process and orders served on the Removing Defendant.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Court Clerk of the 192nd Judicial District Court, Dallas County, Texas, promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 192nd Judicial District Court, Dallas County, Texas, to this Court, on this 26th day of January, 2021.

Respectfully submitted,

By: /s/ *David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of January 2021, a true and correct copy of the foregoing document was forwarded via U.S. Mail to counsel for Plaintiff:

James Bauguss III
BEN ABBOTT & ASSOCIATES, PLLC
1934 Pendleton Drive
Garland, Texas 75041

/s/ *David L. Sargent*
**DAVID L. SARGENT**