IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00165-K |
| | § | |
| ALDI (TEXAS) LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed slip-and-fall case is Defendant Aldi (Texas) LLC's motion to enforce a settlement agreement under Rule 11 of the Texas Rules of Civil Procedure. Mot. (ECF No. 19). As explained in these findings, conclusions, and recommendation, the District Court should GRANT Defendant's motion.

## Background

Aldi is a retail-store chain that sells food products and other items. *See* Removal Exs. 9 (ECF No. 1-2). Plaintiff Maria Sanchez alleges she was injured when she "slipped on an empty bread tray that was left out" while "walking down an aisle" at an Aldi location. *Id.*

On September 22, 2021, after negotiations, Sanchez's original counsel James Bauguss offered to settle the case for $65,000. Mot. Ex. 1, at 2 (ECF No. 19-1). On September 29, 2021, Aldi agreed to the settlement amount in exchange for a full and final release, confidentiality, full indemnification, and correspondence

1

from Centers for Medicare & Medicaid Services (CMS) indicating there is no outstanding lien on any result of this case. Mot. Ex. 2, at 2 (ECF No. 2); *see* Mot. Ex. 5, at 2 (ECF No. 19-5). Aldi also asked Bauguss to "respond affirmatively in order for this to form a valid Rule 11 agreement" and "provide detailed funding instructions along with a W-9." Mot. Ex. 2, at 2. Later that day, Bauguss responded with drafting instructions, a W-9, and payable information for the settlement check. Mot. Ex. 3, at 2 (ECF No. 19-3). Bauguss also asked Aldi to "reply with the settlement documents when ready." *Id.* Two hours later, Aldi responded with a formal settlement agreement. Mot. Ex. 4, at 2 (ECF No. 19-4).

On September 30, 2021, Aldi again requested correspondence from CMS or Sanchez's social security number. Mot. Ex. 6, at 3 (ECF No. 19-6). Later that day, Bauguss sent correspondence from CMS that did not provide the necessary information for Aldi's insurance adjuster. *Id.* at 2; *see* Mot. Ex. 5, at 2-6. On October 20, 2021, Bauguss responded with Sanchez's social security number. *Id.* And on November 9, 2021, Bauguss responded with the necessary correspondence from CMS. *Id.*; *see* Mot. Ex. 7, at 2-3 (ECF No. 19-7).

On November 23, 2021, Bauguss alerted Aldi that "Sanchez has had second thoughts about her settlement and has now terminated [his] firm" and that he was "really sorry for the inconvenience that this has caused." Aldi filed the motion before the Court (ECF No. 19) on December 15, 2021, and Bauguss then filed an unopposed motion (ECF No. 22) to withdraw as the attorney for Sanchez on

2

January 4, 2022. Sanchez untimely responded on February 8, 2022.[1] Resp. (ECF No. 26). The Court held an evidentiary hearing on both motions on February 10, 2022. (ECF No. 27).

At the hearing, Sanchez confirmed that she terminated Bauguss and his firm. Order (ECF No. 28). She advised the Court that she had not retained another attorney and she would represent herself *pro se* until another attorney enters a Notice of Appearance as her counsel in this case. *Id.* The Court also advised her of her obligations to comply with federal and local rules as a *pro se* litigant. *Id.* And the Court discharged Bauguss from any further obligation to or representation of Sanchez in this case. *Id.*

While representing herself at the hearing, Sanchez admitted that she originally agreed to settle her case for $65,000. After she agreed to the amount, Bauguss explained to her that she would receive $10,000 from the $65,000 settlement after his fees and her medical bills. She then repudiated her assent to the settlement agreement because she decided $10,000 would be "very poor" compensation because she is "suffering a lot of trauma since [her] accident" at Aldi. She "would like to get a little more money." And she does not believe that she "accepted that amount because [she] never signed the papers." She also

---

[1] Local Rules require a party to respond within 21 days from the date the motion was filed and served on her. Local Civ. R. 7.1(e). Sanchez—who was represented by at the time—responded in 34 days. Therefore, her response was untimely. However, as Sanchez is now proceeding *pro se*, the Court considers her response despite its untimeliness.

3

acknowledged that she saw the documents Aldi filed to enforce the settlement agreement, and she had no other arguments or evidence to offer.

After reviewing the motion and response and hearing the arguments, the motion is ripe for determination.

## Legal Standards and Analysis

"A district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties."[2] *BCC Merchant Sols., Inc. v. Jetpay, LLC*, 2016 WL 4944371, at *3 (N.D. Tex. Sept. 16, 2016) (Boyle, J.) (internal quotation marks omitted) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). To determine the validity of a settlement agreement, a federal court sitting in diversity applies the law of the forum state. *Id.* (citations omitted). Because Texas law applies in this case, Rule 11 of the Texas Rules of Civil Procedure controls this settlement agreement. *Id.* (citations omitted). Rule 11 requires that an agreement be either: (1) in writing, signed, and filed with the papers of the court; or (2) made in open court and entered of record. *Id.* (citing Tex. R. Civ. P. 11).

---

[2] "Although a district court has inherent power to enforce an agreement to settle a case pending before it summarily, when opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984) (citation omitted). Here, the Court held an evidentiary hearing on February 10, 2022.

In addition to meeting the Rule 11 requirements, "to be enforceable the agreement must contain all of the material terms and be sufficiently definite to enable the court to understand the parties' obligations." *Id.* (citations omitted). In construing settlement agreements, courts must attempt to "ascertain and give effect to the parties' intentions as expressed in the document." *Frost Nat'l Bank v. L&F Distribs., Ltd.*, 165 S.W.3d 310, 311–12 (Tex. 2005). "[A]n attorney of record is presumed to have authority to compromise and settle litigation of his client, . . . and an agreement by the attorney of record will be set aside only upon affirmative proof of the party seeking to vacate the [agreement] that the attorney had no right to consent to its entry." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984) (citation omitted).

Ultimately, "the decision whether to grant a motion to enforce a settlement agreement is committed to the discretion of the district court." *Weaver v. World Fin. Corp.*, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010) (Fish, J.) (citing *Deville v. United States*, 202 F. App'x 761, 762 (5th Cir. Jan. 12, 1998) (per curiam)). "A district court may exercise its discretion to enforce a settlement agreement where one party to a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement." *Id.*; *see, e.g.*, *West v. ABM Indus.*, 2021 WL 4978447, at *1 (N.D. Tex. June 1, 2021) (Rutherford, J.) (citing *Chen v. Highland Cap. Mgmt., L.P.*, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012) (Fitzwater, J.)) (holding a plaintiff is bound to an agreement even though he never signed the formal settlement agreement prepared

5

by defendant's counsel because plaintiff knowingly and voluntarily agreed to settle his claims and failed to produce any evidence of a change of circumstances that would justify his refusal to consummate the settlement).

Here, the written correspondence between Aldi and Bauguss articulate the material terms of the settlement agreement, and the terms are sufficiently definite to enable the court to understand the parties' obligations. In the correspondence between the parties, Aldi agreed to pay the settlement amount in exchange for Sanchez's full and final release, confidentiality, full indemnification, and correspondence from CMS indicating there is no outstanding lien on any result of this case.

Furthermore, Sanchez ratified the settlement agreement through Bauguss and assented to the terms. During the hearing, Sanchez admitted that she initially accepted Aldi's offer of $65,000 to settle her claims. And she admitted that later tried to revoke her acceptance and re-trade the settlement to exact additional sums from Aldi.

Sanchez argues in her response that she never responded affirmatively to Aldi's emails. Resp. 1. But Bauguss provided Aldi with payment instructions and a W-9, thus taking affirmative steps to confirm the settlement agreement. And both parties partially performed the agreement—Aldi formalized the settlement agreement and stopped litigating, and Bauguss provided Aldi with the necessary correspondence from CMS. Indeed, the parties acted in accordance with the settlement agreement for 55 days—from September 29 to November 23, 2021.

Sanchez offered no evidence or argument to dispute Aldi's motion. She identified no change in circumstances. Her only excuse for refusing to sign the formal agreement was that she was unhappy with the amount she would receive for the settlement based on Bauguss's fees and her medical bills. These bills and expenses existed at the time that she agreed to the settlement.

Sanchez argued at the hearing and in her response that she never signed the formal agreement prepared by Aldi's counsel and therefore should not be held to the terms of the settlement agreement. Resp. 1. But a formal agreement is not required. *See West*, 2021 WL 4978447, at *1. "Where a party has knowingly and voluntarily agreed to settle [her] claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." *Weaver*, 2010 WL 1904561, at *2 (citation omitted). Therefore, the Court finds that the settlement agreement comports with Rule 11 of the Texas Rules of Civil Procedure, is enforceable, and Sanchez is bound by it.

Accordingly, the District Court should GRANT Aldi's motion (ECF No. 19) to enforce the settlement agreement and Sanchez's action should be DISMISSED with prejudice.

**SO RECOMMENDED.**

June 2, 2022.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).